IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,

    Plaintiff,   No. CIV S-11-2994 JAM CKD PS

  vs.

DEREK ALBERT BARKSDALE et al.,

    Defendants.   <u>ORDER</u>

_____/

       On February 27, 2012, defendant Michael Anthony Thompson, who is proceeding in this action pro se, filed a motion to dismiss for failure to join an indispensable party pursuant to Fed. R. Civ. P. 12(b)(7), improperly joining defendant Thompson as an individual defendant, and for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).  The motion was initially noticed for hearing on March 29, 2012 and subsequently reset by the court for hearing on April 25, 2012.  (Dkt. Nos. 7, 8.)  On April 11, 2012, plaintiff filed an opposition to the motion. (Dkt. No. 9.)

       Having reviewed the papers in support of and in opposition to the motion, the court finds that further briefing and oral argument would not be of material assistance in resolving the pending motion.  Therefore, the April 25, 2012 hearing will be vacated, and the pending motion will be decided on the papers submitted.  <u>See</u> E.D. Cal. L.R. 230(g).  After

reviewing the court's record, the court now FINDS AS FOLLOWS:

BACKGROUND

The background facts are taken from plaintiff's complaint, originally filed on November 10, 2011. (Dkt. No. 1.) Plaintiff J&J Sports Productions, Inc. is a commercial distributor and licensor of sporting events. (See Complaint, Dkt. No. 1 ["Compl."] ¶ 12.) Plaintiff alleges that it was granted, pursuant to contract, the exclusive nationwide commercial distribution (closed-circuit) rights to *Tactical Warfare: Manny Pacquiao v. Antonio Margarito Championship Fight Program* telecast nationwide on Saturday, November 13, 2010 ("Program"). (Compl. ¶ 10.) Plaintiff then entered into subsequent sublicensing agreements with various commercial customers throughout North America and in the State of California, granting these customers the rights to publicly exhibit the Program within their respective commercial establishments in the hospitality industry, such as hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc. (Compl. ¶ 11.) According to plaintiff, it expended significant money marketing, advertising, promoting, administering, and transmitting the Program to its customers. (Compl. ¶ 12.)

Plaintiff contends that, without authorization, "Defendants and/or their agents, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time of its transmission at their commercial establishment in Vallejo, California located at 324 Virginia Street, Vallejo, California 94590." (Compl. ¶ 13.) Plaintiff further alleges that defendants did so wilfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain, and that plaintiff was deprived of the commercial license fee that plaintiff was entitled to receive from them. (Compl. ¶¶ 14, 26.)

Based on these factual allegations, plaintiff asserted claims for (1) violation of 47 U.S.C. § 605; (2) 47 U.S.C. § 553; (3) conversion; and (4) violation of California Bus. & Prof. Code § 17200 against defendants. Defendants are identified as follows: (a) Derek Albert Barksdale, "an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge,

and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Havana Sol Restaurant operating at 324 Virginia Street, Vallejo, California 94590"[1] and (b) Michael Anthony Thompson, "an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Havana Sol Restaurant operating at 324 Virginia Street, Vallejo, California 94590."  (Compl. ¶¶ 7-8.)

The instant motion to dismiss by defendant Thompson followed.  (Dkt. No. 7.) Facts applicable to the various asserted grounds for dismissal will be set forth below as necessary to the court's analysis.

DISCUSSION

As outlined above, defendant Thompson moves for dismissal on three separate grounds: (a) failure to join an indispensable party; (b) improper joinder of defendant Thompson as an individual defendant; and (c) insufficient service of process.  Each ground will be separately addressed below.

(a) Failure to Join an Indispensable Party

Defendant Thompson states that Havana Sol Restaurant is actually the d/b/a of a California limited liability company known as 324 Virginia Street Partners, LLC, and that defendant Thompson is a member of 324 Virginia Street Partners, LLC.  Defendant Thompson argues that, in the absence of 324 Virginia Street Partners, LLC, a separate legal entity, the court cannot afford complete relief among the existing parties, and that plaintiff's complaint should therefore be dismissed for failure to join an indispensable party.

A motion to dismiss before answering may be made on the ground of "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).  In turn, Rule 19 of the Federal Rules of Civil Procedure provides, in pertinent part, that:

---

[1] Defendant Barksdale has not joined in defendant Thompson's motion to dismiss.

> (a) (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot afford complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. (2) If a person has not been joined as required, the court must order that the person be made a party....(b) If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity or good conscience, the action should proceed among the existing parties or should be dismissed.  The factors for the court to consider include: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(a)-(b).  The Ninth Circuit stated that Rule 19 essentially sets up a two-step inquiry:

> First, the court must determine whether a party is one that should be joined if feasible-called, in the old days, a "necessary" party...To answer that question, the court must consider (1) whether complete relief can be accorded among the parties to the lawsuit without joinder, (2) whether the absent person's ability to protect its interest in the subject-matter of the suit will be impaired, and (3) whether any existing parties might be subjected to a substantial risk of multiple or inconsistent obligations unless the absent person joins the suit.  Fed. R. Civ. P. 19(a).  Only if the court concludes, based on those factors, that the party should be included in the action but it cannot be, must it go on to decide whether the litigation can proceed at all in the party's absence. *See* Fed. R. Civ. P. 19(b).  If there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as "indispensable" and the action is subject to dismissal upon a proper motion under Federal Rule of Civil Procedure 12(b)(7).

Thomas v. U.S., 189 F.3d 662, 667 (9th Cir. 1999).

In this case, the court need not proceed beyond the first step.  Based on plaintiff's complaint, defendants Barksdale and Thompson, as well as 324 Virginia Street Partners, LLC

d/b/a Havana Sol Restaurant, can be characterized as joint tortfeasors potentially facing joint and several liability. It is well established that a tortfeasor with the usual joint and several liability is merely a permissive party to an action against another with like liability. See Temple v. Synthes Corp., 498 U.S. 5, 7-8 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.") As each tortfeasor is jointly and severally liable, plaintiff can essentially pick and choose whom to sue. Thus, because 324 Virginia Street Partners, LLC is not even a necessary party for purposes of Rule 19, defendant Thompson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) should be denied.

(b) Improper joinder of defendant Thompson as an individual defendant

Defendant Thompson also asserts, in conclusory fashion, that he was improperly sued in his individual capacity and should be dismissed from the action, because Havana Sol Restaurant is the d/b/a of 324 Virginia Street Partners, LLC, a separate legal entity. Defendant is incorrect. Indeed, individual liability is possible even with the presence of a business entity defendant in the lawsuit, as long as the plaintiff can "demonstrate that [the individual defendants] authorized the violations or had both a right and ability to supervise the violations and a strong financial interest in such activities." See J&J Sports Productions, Inc. v. Betancourt, 2009 WL 3416431, at *2 (S.D. Cal. Oct. 20, 2009) (internal quotation omitted); see also Joe Hand Promotions, Inc. v. Angry Ales, Inc., 2007 WL 3226451, at *4 (W.D.N.C. Oct. 29, 2007) (finding, on a motion for summary judgment, that the evidence showed that "the individual Defendants had the right and ability to supervise the violations and a strong financial interest in the activity...As a result, the individual Defendants are jointly and severally liable with the corporate Defendant.")

Here, for purposes of the motion to dismiss, plaintiff's factual allegations are sufficient to support individual liability. Plaintiff specifically alleged that defendant Thompson is "an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial

establishment doing business as Havana Sol Restaurant operating at 324 Virginia Street, Vallejo, California 94590." (Compl. ¶ 8.)  Plaintiff further alleged that the defendants' alleged violations were willful and for purposes of direct and/or indirect commercial advantage and/or private financial gain. (Compl. ¶ 14.) Accordingly, defendant Thompson's motion to dismiss on the ground of improper joinder of defendant Thompson as an individual defendant should be denied.

### (c) Insufficient Service of Process

Finally, defendant Thompson also moves to dismiss the action against him for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).[2] Plaintiff in turn states that defendant Thompson was served by substituted service pursuant to Cal. Civ. Proc. Code § 415.20(b).

Fed. R. Civ. P. 4(e) provides, in part, that "[u]nless federal law provides otherwise, an individual...may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;...." Fed. R. Civ. P. 4(e)(1). In turn, Cal. Civ. Proc. Code § 415.20(b) states that:

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served...a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to

---

[2] In a section of defendant Thompson's motion titled "Relief Sought," he also indicates that he moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(2) (lack of personal jurisdiction).  Presumably, defendant Thompson suggests that the court lacks personal jurisdiction over him as a result of the alleged insufficient service of process.  The motion contains no argument regarding lack of minimum contacts with the forum state of California.  Accordingly, the court will not address the issue of personal jurisdiction, but instead confines its analysis to the alleged insufficient service of process.

>be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Civ. Proc. Code § 415.20(b). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., 840 F.2d 685, 688 (9th Cir. 1988). This same principle applies to substituted service under Cal. Civ. Proc. Code § 415.20. Hearn v. Howard, 177 Cal. App. 4th 1193, 1201 (2009) ("Statutes governing substituted service shall be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant....") (internal citation omitted).

Here, the proof of service and declaration of diligence by plaintiff's process server indicate that the process server attempted to serve defendant Thompson personally 10 times between December 31, 2011 and January 25, 2012, first at the address of the Havana Sol Restaurant at 324 Virginia Street, Vallejo, California, and later at defendant's office address of 410 Tuolomne Street, Vallejo, California, the same address that appears on defendant Thompson's court filings. After these attempts were unsuccessful, the process server effectuated substituted service on January 27, 2012 at 2:11 p.m. at the Tuolomne Street address by leaving the service papers in the presence of John Doe, an adult with a specified physical description, who was apparently in charge, but refused to provide his name. John Doe was informed of the general nature of the papers and instructed to deliver the documents to defendant Thompson. Subsequently, on January 28, 2012, the process server also mailed copies of the service papers to defendant Thompson at the same Tuolomne Street address. (See Dkt. No. 6.)

Therefore, it appears that plaintiff exercised reasonable diligence in attempting to first serve defendant Thompson personally and subsequently complied with the requirements to effectuate substituted service. The mere fact that the service documents were left with an unidentified adult is not fatal to the service, because courts have recognized that persons in apparent charge of businesses often refuse to provide their names for purposes of service, and

that it is an accepted practice to name such a person by a fictitious name or by description. See Trackman v. Kenney, 187 Cal. App. 4th 175, 182-83 (2010).  Furthermore, the substituted service statute also has an additional safeguard built into the process by requiring follow-up service by mail.

Defendant Thompson nevertheless disputes the sufficiency of service of process. He states that he was not at the Tuolomne Street address on Friday January 27, 2012 at 2:11 p.m., that the office at that address is closed on Fridays, and that there is no one who fits the physical description of John Doe who either works at, or is authorized to accept service on defendant Thompson's behalf, at the Tuolomne Street address.  The court finds defendant Thompson's contentions unconvincing.

"A signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." Securities & Exchange Comm'n v. Internet Solutions For Business Inc., 509 F.3d 1161, 1166 (9th Cir. 2007).  The only evidence contradicting plaintiff's proof of service is defendant Thompson's own declaration, which is insufficient to overcome the prima facie evidence of valid service. See Saxon Mortg. Servs., Inc. v. Hillery, 2008 WL 5170180, at **2-3 (N.D. Cal. Dec. 9, 2008).  Moreover, despite conceding that the Tuolomne Street address is his office address, as well as the address listed on his filings with this court, defendant Thompson fails to explain why he would not at least have received the service papers subsequently mailed to him at that address.  Indeed, it is clear from his correspondence with plaintiff's counsel and his filing of the instant motion that defendant Thompson had actual notice of the action.

Therefore, the court finds that defendant Thompson was properly served with process, and that his motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(5) should be denied.

\\\\\

\\\\\

CONCLUSION

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that:

1. The April 25, 2012 hearing on defendant Thompson's motion to dismiss is VACATED.

IT IS ALSO HEREBY RECOMMENDED THAT:

1. Defendant Thompson's motion to dismiss (dkt. no. 7) be denied; and

2. Defendant Thompson be required to answer plaintiff's complaint within fourteen (14) days of the date of service of an order adopting these findings and recommendations, if they are adopted.

Dated: April 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

CKD/5
Barksdale.2994.mtd.fr.wpd